# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3044
_____

Rodney F. Jackson

*Plaintiff - Appellant*

v.

Scott Green; Kathleen Petrie; Keith Petrie; KPTOO, Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 16, 2013
Filed: April 24, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Rodney Jackson appeals the district court's[1] adverse grant of summary judgment in his employment action. Jackson, an African American, asserted that defendants retaliated against him and terminated his employment in violation of Title VII. After careful consideration, we hold that summary judgment was proper. See Glascock v. Linn Cnty. Emergency Med., PC, 698 F.3d 695, 697 (8th Cir. 2012) (de novo standard of review). First, we conclude that the retaliation claim failed, as Jackson did not show that he engaged in protected activity: although his work hours were reduced after he reported harassment by coworkers who were white, the record does not reflect that he communicated to his superiors facts indicating the harassment was race based. See Guimaraes v. SuperValu, Inc., 674 F.3d 962, 978 (8th Cir. 2012) (prima facie case of Title VII retaliation requires showing that plaintiff engaged in protected activity and suffered adverse employment action that was causally linked to the protected activity; to be protected activity, plaintiff's complaint to employer must include sufficient facts to raise inference of, for example, race discrimination).

Second, even if Jackson asserted a prima facie case on his race-discrimination claim, see Twymon v. Wells Fargo & Co., 462 F.3d 925, 934-35 (8th Cir. 2006) (describing framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)), defendants proffered a legitimate, nondiscriminatory reason for Jackson's discharge: his manager believed he had abandoned his job when he did not show up at work as she expected and did not call for almost a month, see Jones v. United Parcel Serv., Inc., 461 F.3d 982, 991-92 (8th Cir. 2006) (job abandonment is legitimate reason for terminating employee). We conclude that the evidence, when taken in the light most favorable to Jackson, reveals no triable issue of fact as to whether the proffered reason was a pretext for race discrimination. See Twymon, 462 F.3d at 935 (to show

---

[1]The Honorable Leonard T. Strand, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

pretext, plaintiff must both discredit employer's proffered reason for termination and show circumstances permitting reasonable inference that real reason was race).

Accordingly, we affirm the judgment of the district court. <u>See</u> 8th Cir. R. 47B. We deny Jackson's pending motion.

_____